[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

———————

No. 01-2231

ANNE HILTNER,

Plaintiff, Appellant,

v.

SIMON AND SCHUSTER, INC., ET AL.,

Defendants, Appellees.

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

———————

Before

Torruella, Circuit Judge,
Campbell and Cyr, Senior Circuit Judges.

———————

Anne Hiltner on brief pro se.
Peter Herbert, Milissa Mather, Lankler, Siffert & Wohl, Warren M. Silver, Karen D. Kemble and The Silver Law Firm on brief for appellees Simon & Schuster, Inc., and Stephen R. King.
Robert H. Stier, Jr., and Pierce Atwood on brief for appellee Glassbook, Inc.

———————

April 5, 2002

———————

**Per Curiam**.    Appellant Anne Hiltner sued Stephen King, Simon & Schuster, and Glassbook, Inc., alleging that Riding the Bullet, a novella written by Stephen King and published on the Internet, was copied from an unpublished manuscript entitled Robert Adams.  This manuscript was authored by appellant's late brother, and appellant apparently has an ownership interest in the copyright for this work.  Appellant also asserts that certain events described in Riding the Bullet are based directly on the actual hospitalization and emergency surgery of appellant's mother.  Based on the foregoing, appellant claimed copyright infringement and invasion of privacy.  These claims fail, as a matter of law, for the following reasons.

1.    Copyright Infringement.  It is plain from a review of both works that they are not "substantially similar."  See 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.01[B], at 13-8 to 13-9 (2001) (to state an actionable copyright claim, a plaintiff must show that "the defendant's work is substantially similar to [the] work [in question] such that liability may attach").  In particular, neither the sequence of events nor the development of the characters in Robert Adams have been replicated in Riding the Bullet.  See id. § 13.03[A][1][b], at 13-32.  Further, and despite appellant's allegations to the contrary, she has failed to identify any matter in Riding the Bullet which was quoted

-2-

directly from <u>Robert Adams</u>.  <u>See</u> <u>id.</u> § 13.03[A][2], at 13-45.
Appellant therefore has no copyright claim.

2. <u>Invasion of Privacy</u>.  A tort action for the
following four kinds of conduct may be brought as a claim for
invasion of privacy:  (1) "unreasonable intrusion upon the
seclusion of another"; (2) "appropriation of the other's name
or likeness"; (3) "unreasonable publicity given to the other's
private life"; and (4) "publicity that unreasonably places the
other in a false light before the public." <u>See</u> <u>Nelson</u> v. <u>Maine</u>
<u>Times</u>, 373 A.2d 1221, 1223 (Me. 1977) (quoting the <u>Restatement</u>
<u>(Second) of Torts</u> § 652A (1977); internal quotation marks
omitted).  However, "[e]xcept for the appropriation of one's
name or likeness, an action for invasion of privacy can be
maintained <u>only by a living individual whose privacy is</u>
<u>invaded</u>." <u>Id.</u> at 1225 (quoting <u>Restatement (Second) of Torts</u>
§ 652I; internal quotation marks omitted and emphasis added).
Appellant has failed to demonstrate a claim for any of the
above.

First, her allegation that she has been under
surveillance for years is completely conclusory and is not
supported by specific facts.  Second, because neither she nor
her mother possibly could be identified from anything in <u>Riding</u>
<u>the Bullet</u>, the defendants have not engaged in any
misappropriation of name or likeness.  Finally, there is
absolutely no evidence that anything in <u>Riding the Bullet</u>
concerns appellant's private life nor places appellant in a

-3-

false light.  That is, appellant has not shown that anything in the novella pertains to her.

Affirmed.  Appellant's motion to hold this appeal in abeyance until the University of Maine and the Maine Division of Mental Health file briefs is denied as moot.